OPINION OF THE COURT
John J. Connell, J.
This is an application for the issuance of a writ of habeas corpus in which the petitioner seeks his release from custody and restoration to parole supervision, dismissal of the parole *662 violation warrant and dismissal of the parole violation proceeding with prejudice.
The basic facts do not appear to be in dispute. The petitioner was charged with violating his parole for not reporting a burglary and petit larceny arrest which had occurred on August 31, 1997. At the hearing on that violation, the parole officer only went forward on charge No. 1 which alleged that the defendant failed to notify his parole officer of the arrest. No proof was entered at that hearing concerning the substance of the burglary or petit larceny. The Hearing Officer reserved decision and several days later sustained the violation charge under count 1. Thereafter, Monroe County Court Judge David Egan granted the petitioner’s request for a writ of habeas corpus, ordered him released from custody, restored to parolé supervision, and vacated the parole warrant and the parole violation proceeding was dismissed with prejudice. Approximately three days later, the petitioner reported to his Parole Officer as directed and was arrested on a new parole warrant charging him with being in possession of stolen property on the August 31, 1997 date that was the subject of the first parole violation proceeding.
The Division of Parole opposes the petitioner’s application herein stating that since criminal possession of stolen property is a different crime than petit larceny and burglary, the State has the authority to file a new violation of parole against the petitioner, even though it involves the same August 31, 1997 incident as the first violation of parole filing.
To accept the Division of Parole’s position on this would allow for obvious abuses and an enormous waste of resources. Theoretically, if a person had been arrested on criminal charges alleging the theft of a loaded handgun and was violated on a criminal possession of a weapon third degree charge, a violation hearing could be held on that charge. If he prevailed at that hearing, the Division of Parole could then refile on a grand larceny charge involving the theft of the same handgun. If the petitioner prevailed on that charge, the Division of Parole could then refile on criminal possession of stolen property charges. That certainly is not the intent behind the authority given Parole from the New York State Legislature to monitor and supervise parolees released to their care and supervision.
Although the Attorney-General urges the position additionally that Division of Parole has the authority to refile second warrants based on new circumstances, the case they cite for that proposition, Paul ex rel. Williams v Rodriquez, involves a *663 case where the first parole violation warrant was withdrawn by the Division of Parole. Here there are no new circumstances that could not have been presented at the first violation hearing. Judge Egan, in his October 31, 1997 ruling, dismissed the parole violation proceeding with prejudice. For that to have any meaning at all, the present petition must fall as well.
Accordingly, the petitioner’s application for release, restoration to parole, dismissal of the parole warrant and dismissal of the parole violation proceeding is in all respects granted with prejudice. It is further ordered that the Division of Parole is precluded from bringing any further parole violation proceedings that could have been brought concerning the August 31, 1997 allegations involving the incident at 87 Brookdale Avenue.